AE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARKETA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04 C 5279 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| COMMUNITY HIGH SCHOOL DISTRICT 218, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Marketa Williams, filed suit against Defendant, Community High School District 218, for alleged racial discrimination and retaliation discharge. On January 19, 2006, the Court granted Defendant's Motion for Summary Judgment and entered judgment in Defendant's favor. Presently pending before the Court is Defendant's Bill of Costs.

"Costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Recoverable costs, as set forth in 28 U.S.C. § 1920, include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters.

There is a strong presumption favoring the award of costs to the prevailing party. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997) (*Weeks*). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined –

1

the court must award costs unless it states good reasons for denying them." *Weeks*, 126 F.3d at 945. A losing party may overcome this presumption by a showing of indigency. *McGill v. Faulkner*, 18 F.3d 456, 457 (7th Cir. 1994). However, actual indigency, not merely limited financial resources, must be demonstrated. *Craven v. City of Chicago*, 2001 WL 62573 (N.D.Ill. Jan. 25, 2001); *Falcon v. City of Chicago*, 2000 WL 1231403 (N.D.Ill. Aug. 28, 2000).

Plaintiff argues that costs should not be awarded because she is indigent. In support of her argument, Plaintiff refers to an August 12, 2004 affidavit that was filed in support of her Motion for Appointment of Counsel. Plaintiff has also informed her appointed counsel that her financial status has not changed since August 2004. Plaintiff did not supply a current affidavit, identifying her current income or assets. Accordingly, Plaintiff has failed to demonstrate actual indigency and her inability to pay costs now or in the future. *See Craven*, 2001 WL 62573 at * 1; *Falcon*, 2000 WL 1231403 at * 1.

In support of its costs, Defendant has attached a general itemized list of costs it seeks to recover. The categories of requested costs are addressed below.

Defendant seeks reimbursement for copying costs. The itemized list of costs identifies these costs as "Xerox Photocopy Charges" and then indicates the number of pages. The charge of each copy is $0.10. The itemized list does not describe what documents were copied. Based on the information provided, the Court is unable to determine if these materials were reasonably necessary. Copying charges that are not discernable from the supporting documentation are not allowed. *See American Automotive Accessories v. Fishman*, 991 F. Supp. 995, 997 (N.D. Ill.

1998) (*Fishman*); *Falcon*, 2000 WL 1231403 at * 2. Accordingly, these copy charges cannot be assessed against Plaintiff.

Defendant also seeks reimbursement for "records costs" of medical records. The itemized list indicates the total cost but does not identify the number of pages or the price per page for the copy. Because the charges are not discernable from the supporting documentation, they are not allowed. *See Fishman*, 991 F. Supp. at 997; *Falcon*, 2000 WL 1231403 at * 2.

Defendant seeks miscellaneous expenses related to "travel related expense," "transportation parking," "transportation mileage," "business meals," and telephone calls. Such costs are not recoverable. *See* 28 U.S.C. § 1920; *Fishman*, 991 F. Supp. at 997; *Falcon*, 2000 WL 1231403 at * 2.

Defendant also seeks reimbursement for court reporter fees and deposition transcripts. The costs of deposition transcripts "necessarily obtained for use in the case" are authorized. 28 U.S.C. § 1920(2). The "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are 'reasonably necessary.'" *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). The itemized list identifies these charges as "court reporter court reporter reporter attendance and deposition transcript of [individual]" and lists one cost associated with that item. The itemized list does not identify what part of the total cost is for the court reporter attendance fees and what portion is associated with the deposition transcript, including the number of pages or the cost per page. Based on this incomplete information, it cannot be determined if these deposition transcripts were necessarily obtained for use in the case

3

or if the cost of attendance and transcription were within the rates established by the Judicial Conference. Accordingly, the costs are not recoverable. See *Fishman*, 991 F. Supp. at 997; *Falcon*, 2000 WL 1231403 at * 2.

Defendant seeks a "witness expense" of $30.00 for Homer Thomas. The itemized list does not identify what the "expense" is regarding. Accordingly, this cost is not recoverable.

Defendant seeks reimbursement for "Law Bulletin Case Monitoring/Dunn and Bradstreet Law Bulletin Case Monitoring" and "Westlaw/Lexis." Other than identifing the type of cost as indicated, the Defendant does not identify to what these costs pertain to, so the Court cannot determine if they were reasonably necessary and were reasonable in cost. Accordingly, the costs are not recoverable.

Lastly, Defendant seeks a total of $1,267.50 in costs for trial materials identified in an invoice from Trial Graphix. The invoice identifies the following costs:

| Computer Design | 4.75 Hours | $185.00/Hour | $878.75 |
| Art Director | 0.5 Hours | $165.00/Hour | $82.50 |
| InfoDesign Cons. | 1.25 Hours | $245.00/Hour | $306.25 |

Based on the information provided, it cannot be determined if these trial preparation costs were reasonably necessary or reasonable in cost. Accordingly, they are not recoverable.

For the reasons stated above, Defendant's Bill of Costs is denied.

Dated: *March 13, 2006*

JOHN W. DARRAH
United States District Court Judge

4